UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVEN MEYER, <br><br> Plaintiff, <br> v. <br> JAMES TILTON, <br><br> Defendants. | Civil No. 03CV1878 JAH (BLM) <br><br> **ORDER DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY** |

Petitioner has filed a request for a certificate of appealability of this Court's order denying his petition for writ of habeas corpus. A certificate of appealability shall be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C §2253(c)(2). In order to meet this threshold, petitioner must either show that: (1) the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983).

Petitioner raises the same issues in his certificate of appealability as he did in his habeas petition and objections to the magistrate judge's report and recommendation. The first claim states petitioner's constitutional rights were violated by this Court's denial of his request for an evidentiary hearing. In its order denying petitioner's habeas petition, this Court adopted the magistrate judge's finding that petitioner failed to satisfy the requirements for obtaining an evidentiary hearing set forth in 28 U.S.C. §2254(e)(2). Petitioner sets forth no additional information in the instant motion to establish that he meets the aforementioned requirements.

In his second claim, petitioner contends the state court violated his due process rights by excluding a taped telephone conversation where petitioner claimed his innocence

and petitioner's 1995 statement to a police officer. As the magistrate judge explained in her report and recommendation, which this Court adopted, an erroneous evidentiary ruling by a state court cannot be contested in a federal habeas petition unless the state court's decision rendered the trial proceedings fundamentally unfair. This Court has already found that the state court's evidentiary rulings with respect to the taped telephone conversation and 1995 statement did not render the trial proceedings fundamentally unfair. Petitioner has not provided any additional evidence in his request for a certificate of appealability that would support a contrary conclusion.

Petitioner's third claim asserts the state court violated his due process, equal protection and sixth amendment rights by allowing the prosecutor to introduce evidence of uncharged sexual crimes during petitioner's trial. Under California Rule of Evidence 1108, uncharged sexual crimes may be admitted to show propensity. The Ninth Circuit has upheld the constitutionality of California Rule of Evidence 1108 as long as the trial court balances the probative value of such evidence against the prejudice to the defendant. In its habeas order, this Court adopted the magistrate judge's finding that the trial court performed the aforementioned balancing test prior to admitting this evidence.

Petitioner's fourth claim states his sixth amendment rights were violated when he received ineffective assistance of counsel during trial. In its habeas order, this Court adopted the magistrate judge's finding that petitioner failed to establish that he was prejudiced by any of his counsel's alleged deficiencies. Petitioner does not assert any new arguments in the instant motion to show his counsel's performance prejudiced him during trial.

In his fifth claim, petitioner alleges a violation of his due process rights based on the police's failure to collect evidence at the scene of the crime on the night the crime occurred. Although petitioner speculates that exculpatory evidence would have been uncovered if such an investigation had been conducted, petitioner does not establish that any such evidence in fact existed nor that the police acted in bad faith by not performing the search that evening. See California v. Trombette, 467 U.S. 479, 489 (1984).

Petitioner asserts in his sixth claim that the government's delay in filing an indictment against petitioner violated his fifth amendment rights. The magistrate judge found, and this Court agreed, that petitioner failed to show the government intentionally delayed filing an indictment against petitioner or that the government's delay prejudiced petitioner. Although petitioner argues that the delay between his arrest and indictment prejudiced him because it caused him to lose valuable physical evidence and favorable witness testimony, he offers no evidence to support this contention aside from speculation.

Regarding the final claim, this Court adopted the magistrate judge's finding that the sentencing enhancements referenced by petitioner were included in the felony information and were not required to be pled and proved at the preliminary hearing. Moreover, the jury in petitioner's trial found the government had proved each special enhancement used for sentencing beyond a reasonable doubt. Petitioner cites no authority for the proposition that in addition to being contained in the information and being found beyond a reasonable doubt by a jury, sentencing enhancements must also be pled and proved at the preliminary hearing.

For the reasons listed above, this Court finds that petitioner has failed to show the court's ruling is debatable among jurists of reason, that the court could have resolved the issue in a different manner, or that the questions raised are adequate to deserve encouragement to proceed further. Accordingly, petitioner's request for a certificate of appealability is DENIED.

DATED:  September 21, 2009

JOHN A. HOUSTON
United States District Judge